UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN A. McCOLLY,

Plaintiff,

v.   CAUSE NO. 3:24-CV-771-CCB-SJF

LaPORTE COUNTY JAIL and INMATES,

Defendants.

OPINION AND ORDER

Justin A. McColly, a prisoner without a lawyer, filed a complaint, alleging his constitutional rights were violated when he was severely attacked by several inmates at the LaPorte County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McColly alleges that on or around February 6, 2023, he was a pretrial detainee in the LaPorte County Jail, being held in maximum security on cell block S-8. Four to six other inmates attacked him, beating him with their fists and stomping on him until he was a bloody mess. He says they made him get in the shower to try and hide him from officers. McColly alleges the attack went on for so long, one of the officers could have

stopped it. He says he was able to make eye contact with an officer named Smith, who pulled him out of the cell block. He was taken to medical and transported to the LaPorte County Hospital, where he was then airlifted to the IU Medical Hospital. He says he wants to sue the county and the inmates who attacked him.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quotation marks omitted). This encompasses a right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). As outlined by the Seventh Circuit:

> [T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element "requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (quotation marks omitted). "Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* In determining whether an action was reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

2

McColly's complaint cannot proceed because he does not identify a proper defendant. He says in the body of his complaint that he wants to sue the county, but he names as a defendant the LaPorte County Jail. The jail is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). But even if he had named LaPorte County as a defendant, the complaint still could not proceed. Under Indiana law, a county jail is under the supervision of the county sheriff, not the county itself. The responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer Cnty.*, 639 N.E.2d 354, 356-57 (Ind. Ct. App. 1994). The statute imposes a duty upon the sheriff, not the county, to administer the jail in a manner which preserves the safety of inmates. *Donahue v. St. Joseph Cnty. ex rel. Bd. of Com'rs of St. Joseph Cnty.*, 720 N.E.2d 1236, 1240 (Ind. Ct. App. 1999).

Nor can McColly use 42 U.S.C. § 1983 to sue the inmates who attacked him. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The inmates are private citizens, not state employees. There are no plausible allegations that these inmates attacked McColly as part of a "*concerted effort* between a state actor and that individual" in order for them to be considered a state actor and subject to suit under § 1983. *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quotation marks omitted) (emphasis in original); *see Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) ("The under-color-of-state-law element means that § 1983 does not permit suits based on

3

private conduct, no matter how discriminatory or wrongful." (quotation marks omitted)). Instead, this appears to be a state-law claim against private citizens.

Federal courts are courts of limited jurisdiction, which means it may hear only certain types of cases. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). For this court to hear a state-law claim against non-state actors, the claim must be supplemental to a federal claim, 28 U.S.C. § 1367, or fall under diversity jurisdiction, 28 U.S.C. § 1331. There is no federal claim, and there are no allegations in the complaint that allow a reasonable inference that the claim meets the requirements for diversity jurisdiction—namely, that McColly is a citizen of a state different from all the inmates who attacked him and that more than $75,000 is in controversy. 28 U.S.C. § 1331. McColly, therefore, may not proceed on this claim.

This complaint does not state a federal claim for which relief can be granted. If McColly believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above

4

the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Justin A. McColly until **December 23, 2024**, to file an amended complaint; and

(2) CAUTIONS Justin A. McColly if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice.

SO ORDERED on November 22, 2024.

                                              s/ Cristal C. Brisco
                                              JUDGE
                                              UNITED STATES DISTRICT COURT