UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN A. McCOLLY,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-771-CCB-SJF

RON HEEG,

    Defendant.

## OPINION AND ORDER

Justin A. McColly, a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McColly's first complaint sued the unknown inmates who had severely attacked him at the LaPorte County Jail in February 2023 and the LaPorte County Jail, itself, for failing to protect him from the attack. ECF 1. That complaint could not proceed because McColly had not identified a defendant who could be held responsible under 42 U.S.C. § 1983. The LaPorte County Jail is a building, not a suable entity, and the inmates who attacked him were not state actors subject to liability under § 1983. ECF 6.

In the amended complaint, McColly sues Sheriff Ron Heeg. He alleges he was beaten in view of the cameras in Cell Block S-8, and at one point he made eye contact with Officer Smith, but no one stopped the beating. Then, his attackers made him get into the shower in an attempt to hide him from the officer. McColly alleges Sheriff Ron Heeg is liable for failing to protect him.

As a pretrial detainee, McColly has a right under the Fourteenth Amendment to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). A failure to protect claim requires him to allege "(1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Here, McColly does not sue Officer Smith, who is alleged to have made eye contact with him during the beating, or the officer who might have been monitoring the cameras during the attack. Instead, he sues Sheriff Ron Heeg, presumably because he is in charge of the jail.

The complaint cannot proceed against Sheriff Heeg because there are no allegations connecting him to the alleged constitutional violation. He cannot be held liable simply because he holds a supervisory position at the jail. *See, e.g., Mitchell v.*

2

*Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." (internal citation omitted)). For a supervisor to be held liable, he must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). This is a high standard, designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Thus, the allegations in the complaint must allow a reasonable inference that Sheriff Heeg "knew about or was personally involved in the specific conduct." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Here, there are no plausible allegations that Sheriff Heeg knew that McColly was being attacked or even that he knew McColly might be at risk of an attack.

This complaint does not state a claim for which relief can be granted. If McColly believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

3

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Justin A. McColly until **March 7, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Justin A. McColly if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 6, 2025

　　　　　　　　　　　　　　　　　　　　/s/*Cristal C. Brisco*
　　　　　　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT